IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AUBEN REALTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-097 |
| | ) | |
| JOEY BUSSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Joey Bussey, proceeding *pro se*, seeks to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of Richmond County, Georgia. For the reasons set forth below, the Court finds it lacks subject matter jurisdiction in this matter and therefore **REPORTS** and **RECOMMENDS** the case be **REMANDED** to the Magistrate Court of Richmond County and the above-captioned civil action be **CLOSED** in this Court.

### I. BACKGROUND

Plaintiff, Defendant's landlord, filed a dispossessory affidavit in the Magistrate Court of Richmond County on April 19, 2018. The affidavit and summons were served on Defendant on April 24, 2018. On May 31, 2018, Defendant filed a Notice of Removal, and sought permission to proceed *in forma pauperis*. (Doc. nos. 1, 2.) Defendant asserts the case is removable because Plaintiff violated 15 U.S.C. § 1692, Federal Rule of Civil Procedure 60, and O.C.G.A. § 51-1-6. (Doc. no. 1, p. 2.) Plaintiff also contends the Magistrate Court proceedings violate the Fourteenth Amendment of the United States Constitution. (Id.)

## II. DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A removing defendant has the burden to establish federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." Walker v. Sun Trust Bank, 363 F. App'x 11, 15 (11th Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). That is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Id. (footnote omitted). Accordingly, a counterclaim based on a federal cause of action or a federal defense alone is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff filed its action in the Magistrate Court of Richmond County as a dispossessory action, which is based only on state law. The complaint on its face presents no federal question. That Defendant purports to raise a defense based on 15 U.S.C. § 1692, Federal Rule of Civil Procedure 60, and the Fourteenth Amendment does not confer federal subject matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Other courts within the Eleventh Circuit have rejected similar attempts to remove a dispossessory action that is based only on state law. See Citibank, N.A. v. Johnson, No. 1:14-CV-1784-WSD, 2014 WL 5019924, at *2-3 (N.D. Ga. Oct. 7, 2014).

Although Defendant does not raise diversity of citizenship as a basis for federal jurisdiction, for the sake of completeness, the Court finds no such diversity jurisdiction exists. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Not only has Defendant not pled diversity of citizenship – indeed based on the addresses of Plaintiff and Defendant on the docket, it appears they are both residents of Georgia – but Defendant fails to show the amount-in-controversy exceeds the $75,000 threshold. As succinctly explained by another court:

> [A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over limited right to possession, title to property is not at issue, and accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008). Defendant has not established diversity of citizenship or that the value of the controversy exceeds $75,000.

In sum, the Court concludes Defendant has not met his burden of establishing federal jurisdiction, and the case should be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### III. CONCLUSION

Because there is no subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Magistrate Court of Richmond

County, Georgia, and the above-captioned civil action be **CLOSED** in this Court.

SO REPORTED and RECOMMENDED this 12th day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA